UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL LACURTIS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:15-cv-00427-AGF |
| | ) | |
| EXPRESS MEDICAL | ) | |
| TRANSPORTERS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

On May 31, 2016, the Court granted Plaintiff Michael LaCurtis's motion for partial summary judgment (as to liability) and denied Defendants' motion for summary judgment. In doing so, the Court resolved an issue of law that the parties agreed was the determinative legal issue in this putative wage-and-hour class and collective action, and that the parties asked the Court to decide before they expended time and resources on class certification.[1]

The determinative legal issue was whether LaCurtis was a "covered" employee under § 306 of the Safe, Accountable, Flexible, Efficient Transportation Equity Act, Technical Corrections Act ("TCA"),[2] and thus eligible for overtime under the Fair Labor Standards Act

---

[1]    In accordance with this approach, the United States Supreme Court recently suggested that when "the concern about the proposed class is not that it exhibits some fatal dissimilarity but, rather, a fatal similarity—an alleged failure of proof as to an element of the plaintiffs' cause of action—courts should engage that question as a matter of summary judgment, not class certification." *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1047, (2016) (citation omitted).

[2]    Pub. L. No. 110–244, Title III, § 306, 122 Stat. 1572, 1620 (2008)

("FLSA"), 29 U.S.C. § 201, et seq., and the Missouri Minimum Wage Law, Mo. Rev. Stat. § 290.500, et seq., notwithstanding that his employers, Defendants, were motor carriers. Whether LaCurtis was a "covered" employee under the TCA turned on whether the paralift vans he operated as a paralift van driver were "designed or used" to transport more than eight passengers (including the driver) when the vehicles were originally designed as 12- and 15-passenger vehicles but were modified by removing seats to accommodate wheelchair placements.  The parties agreed that if the paralift vans were designed or used to transport more than eight passengers (including the driver), LaCurtis and other employees who operated those vans were ineligible for overtime under the Motor Carrier Act Exemption ("MCAE") to the FLSA, 29 U.S.C. § 213(b)(1), but that if the vans were not so designed or used, these employees were "covered" employees under the TCA and eligible for overtime. The Court held that the paralift vans at issue were not designed or used to transport more than eight passengers (including the driver), and therefore, LaCurtis was a "covered" employee under the TCA and eligible for overtime.  Accordingly, the Court granted LaCurtis's motion for partial summary judgment on Defendants' liability for unpaid overtime and denied Defendants' motion for summary judgment.

Following this ruling, the Court also granted Defendants' unopposed motion to consolidate a related case with this case.[3]  The related case is another putative class and collective action brought by two other employees of Defendants, alleging nearly identical overtime claims.  Based on the joint proposed amended scheduling plan filed by the parties

---

[3]  *Kris Daniels and Gerald Young, on behalf of themselves and all others similarly situated, v. Express Medical Transporters, Inc.,* 4:16CV00101AGF.

following consolidation, the Court understands the parties to be in agreement that liability issues in both cases have been resolved by the Court's May 31, 2016 Memorandum and Order, and that the consolidated cases should proceed as a single putative class and collective action.

Defendants now move to certify the Court's May 31, 2016 Memorandum and Order for interlocutory appeal and to stay this action under 28 U.S.C. § 1292(b).  Specifically, Defendants seek to certify the following questions for interlocutory appeal:

1. Whether the Court properly afforded deference to the Deputy Administrator of the Wage and Hour Division's Field Assistance Bulletin No. 2010-2 in determining the number of passenger seats a wheelchair placement represents when the applicable statutes and well-established U.S. Supreme Court precedent clearly establish the exclusive jurisdiction of the Secretary of Transportation to "prescribe requirements for . . . qualifications and maximum hours of service of employees of, and safety of operation and equipment of, a motor carrier," and the Secretary of Transportation has in fact issued its regulation found at 49 C.F.R. § 571.3 to determine the number of seats a wheelchair placement represent in motor vehicles operating on the highways in interstate commerce.

2. Whether vehicles which were originally designed and manufactured to transport 12-15 passengers and were later modified to accommodate secured wheelchair placements are "designed or used to transport more than 8 passengers (including the driver) for compensation" under the [TCA] small vehicle exception.

(Doc. No. 58 at 1-2.)  Defendants assert that these issues apply equally to the consolidated cases.  (Doc. No. 59 at 9.)  Defendants further assert that certifying these issues for interlocutory appeal may save the parties the time and expense of litigating the remaining issues in this case, which Defendants list as:  class certification, calculation of overtime pay, whether liquidated damages are appropriate, and the applicable statute of limitations.  (Doc. No. 59 at 8.)  LaCurtis opposes the motion.

LaCurtis argues that there is no substantial ground for a difference of opinion with respect to the Court's May 31, 2016 Memorandum and Order, which is one of three requirements for certification for interlocutory appeal.  LaCurtis acknowledges that the two other requirements for certification—whether the Memorandum and Order involves a controlling issue of law and whether certification will materially advance the ultimate termination of the litigation—are satisfied.  The two Plaintiffs in the consolidated case have not filed an opposition.

Under 28 U.S.C. § 1292(b),

> [w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).

As discussed above, there are three requirements that must be met before a district court's order may be certified for interlocutory appeal.  "[T]he district court must be of the opinion that (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation."  *White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994) (citation and internal quotations omitted).  These three statutory requirements are jurisdictional, and all must be present before an order is certified.  *Id.* at 376.  "A motion for certification must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted."  *Id.* (citation omitted).

"All that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of the litigation in the district court." *United States v. Missouri*, No. 4:11 CV 77 RWS, 2016 WL 783067, at *2 (E.D. Mo. Feb. 29, 2016) (citation omitted).  "The question for appeal must be a question of law as opposed to a question of fact or matter for the court's discretion." *Id.* (citing *White*, 43 F.3d at 377).  The Court's interpretation of the TCA in this case is a legal issue that could materially affect the outcome of the litigation, as it is the determinative legal issue for purposes of establishing Defendants' liability.  Therefore, the Court finds that its May 31, 2016 Memorandum and Order involves a controlling question of law.

"Substantial grounds for a difference of opinion exists when: (1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is one of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question." *Emerson Elec. Co. v. Yeo*, No. 4:12CV1578 JAR, 2013 WL 440578, at *2 (E.D. Mo. Feb. 5, 2013) (citation and internal quotations omitted).  "A court faced with a motion for certification must analyze the strength of the arguments in opposition to the challenged ruling to decide whether the issue is truly one on which there is a substantial ground for dispute." *Id.* (citation omitted).

Defendants argue that the Court's interpretation of the TCA was erroneous in two regards:  (1) the Court did not defer to a Department of Transportation  ("DOT") regulation issued under the authority of the National Traffic and Motor Vehicle Safety Act of 1966, providing that "[f]or the sole purpose of determining the classification of any vehicle sold or

introduced into interstate commerce for purposes that include carrying students to and from school or related events, any location in such vehicle intended for securement of an occupied wheelchair during vehicle operation shall be regarded as four designated seating positions," 49 C.F.R. § 571.3(b)(1); and (2) the Court did not rely on the original design of the paralift vans at issue which were, before being modified to accommodate wheelchairs, 12- and 15- passenger vehicles.  In support of the first argument, Defendants contend that the DOT, not the Department of Labor ("DOL"), has the authority to define and interpret the MCAE.  *See Levinson v. Spector Motor Serv.*, 330 U.S. 649, 677 (1947).

The Court finds that there is substantial ground for a difference of opinion with respect to these issues, not just because of the lack of precedent but also because of the difficulty of the questions.  However, the Court will modify the language of Defendants' proposed certified question slightly, to reflect the Court's actual holding and the issues for which the Court finds there is substantial ground for a difference of opinion.

With respect to the first proposed certified question, the Court notes that it did not accord complete deference to the DOL Wage and Hour Division's Field Assistance Bulletin No. 2010-2 in interpreting the TCA; nor did it hold that DOT regulations should be ignored in interpreting the MCAE.  Rather, the Court's May 31, 2016 Memorandum and Order accorded only "some" deference to the DOL's Field Assistance Bulletin, primarily because the Court found that it comported with the plain language of the TCA.  (Doc. No. 56 at 12-13.)

The Court also agreed with Defendants that if the DOT regulation were issued under the authority of the Motor Carrier Act, it may be accorded deference in interpreting the

MCAE.  But the Court found that the regulation relied upon by Defendants, 49 C.F.R.

§ 571.3(b)(1), did not interpret the Motor Carrier Act, and as such, it was not persuasive in

interpreting the MCAE or the TCA.  *Id.* at 14-15.  There is a lack of precedent for the

Court's latter finding, and it is a particularly difficult question.  Therefore, the Court believes

that the proper question for certification is:  Whether the DOT regulation 49 C.F.R.

§ 571.3(b)(1), should be accorded controlling deference in determining the number of

passenger seats a wheelchair placement represents for purposes of determining whether a

vehicle is "designed or used to transport more than eight passengers (including the driver)"

under § 306 of the TCA.

With respect to the second proposed certified question, in order to accurately reflect

the Court's holding, the question should make clear that the modification to the paralift vans

at issue was to remove seats to accommodate two wheelchair placements and up to six

ordinary seats (including the driver's seat).   Therefore, the Court believes the proper

question for certification is:  Whether vehicles which were originally designed and

manufactured to transport 12 to 15 passengers and were later modified by removing seats to

accommodate two secured wheelchair placements and up to six ordinary seats (including the

driver's seat) are "designed or used to transport more than eight passengers (including the

driver)" under § 306 of the TCA."[4]

The third requirement for certification—whether certification will materially advance

the ultimate termination of the litigation—"necessitates a showing that the case is an

_____

[4]      The Court has deleted the "for compensation" language from the proposed certified
question because the parties in this case do not dispute that the paralift vans at issue were
designed or used to transport passengers for compensation.

extraordinary case where the decision of an interlocutory appeal might avoid protracted and expensive litigation." *Emerson Elec. Co.*, 2013 WL 440578, at *4 (citation and internal quotation omitted).  The Court finds the decision of an interlocutory appeal might well avoid a protracted and expensive class certification process here, and as such, this case is one of the exceptional cases in which immediate appeal is warranted.

In sum, the three requirements for an interlocutory appeal under 28 U.S.C. § 1292(b) have been met in this case.

Defendants have also requested that the Court stay proceedings pending resolution of any interlocutory appeal.  LaCurtis does not state that he opposes a stay, and neither he nor the other Plaintiffs have identified any prejudice or hardship resulting from a stay.  Upon consideration of the stage of the litigation and the absence of identified prejudice, the Court will grant Defendants' request for a stay pending resolution of any interlocutory appeal.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to amend and certify for interlocutory review pursuant to 28 U.S.C. § 1292(b), and for a stay of proceedings pending appeal is **GRANTED**.  (Doc. No. 58.)  This Court's May 31, 2016 Order (Doc. No. 56) is amended to certify the following questions, as modified, for immediate interlocutory appeal:

1.      Whether the Department of Transportation regulation 49 C.F.R. § 571.3(b)(1), should be accorded controlling deference in determining the number of passenger seats a wheelchair placement represents for purposes of determining whether a vehicle is "designed or used to transport more than eight passengers (including the driver)" under § 306 of the Safe, Accountable, Flexible, Efficient Transportation Equity Act, Technical Corrections Act ("TCA"), Pub. L. No. 110–244, Title III, § 306, 122 Stat. 1572, 1620 (2008).

2.      Whether vehicles which were originally designed and manufactured to transport 12 to 15 passengers and were later modified by removing seats to accommodate

two secured wheelchair placements and up to six ordinary seats (including the driver's seat) are "designed or used to transport more than eight passengers (including the driver)" under § 306 of the TCA.

**IT IS FURTHER ORDERED** that this action is **STAYED** pending resolution of Defendants' application to the Court of Appeals for interlocutory review, and pending the review itself, if Defendants' application is granted.


_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 1st day of July, 2016.